---
Gowdy *v.* Farrow.    .
---

### † Gowdy *versus* Farrow.

An offer in writing in an action pending in Court, made by the defendant's attorney in these words, " and now on this third day of the term the defendant, by his attorney, comes and offers to be defaulted for the sum of seventy dollars damages in said action ;" is a compliance with § 22 of c.115, R. S.

And an offer so made, unaccepted, cannot be, used as evidence for any purpose in the trial of the action.

On EXCEPTIONS from *Nisi Prius,* CUTTING, J., presiding.

ASSUMPSIT, to recover $87,50, for work on a school-house, which defendant had contracted to build.   The writ was dated soon after the work was performed.

At the first term an offer " to be defaulted for the sum of seventy dollars, damages in said action," was filed.

On the trial, a witness for defendant testified to declarations of plaintiff, while performing the labor, that he was to have one half his pay when the house was completed and accepted, and the other in one year after.

To contradict that witness the plaintiff offered to read the offer to be defaulted, which was denied by the Court.

The verdict for plaintiff being only for $46,92, the plaintiff excepted to the ruling.                          .

*Hubbard,* in support of the exceptions, denied that this was a statute offer, and so was not exempted from being used as evidence.

*Gould, contra.*

TENNEY, J. — In c. 115, of R. S., which treats of proceedings in civil actions in Court, § 22, it is provided, that in any action founded on judgment or contract, " the defendant may offer and consent in writing to be defaulted, and that judgment may be entered against him for a specified sum in damages.".   This provision was undoubtedly intended to furnish an opportunity to a defendant, in order to put a stop to litigation, and consequent costs, to admit his liability for a certain amount, when the other party claimed in his suit a greater sum in damages ; and thereby present an inducement to the latter to accept the offer, and release

himself from the exposure to further litigation and the recovery of costs by the defendant, in consequence of a verdict for a sum no greater than that offered. It does not appear to have been designed to afford any greater advantages to the plaintiff under such a judgment than those to which he would be entitled by a judgment entered upon a verdict in his favor.

To prevent any further dispute between the parties after an offer to be defaulted, should be made and accepted, it would be proper in many cases at least, that the amount of the defendant's indebtedness should be fixed. A default would not necessarily do this, in actions on contracts, where the damages were not liquidated. A hearing might be required after the default by the Court or the jury. In all cases, where the defendant should not deny his liability to some extent, but the controversy should be wholly as to the amount, a simple offer to be defaulted would be, if accepted, a withdrawal of his appearance, and allow the hearing of the plaintiff on the question of damages, when such question should arise, to be *ex parte*, which would probably not be expected to be so favorable to him, as it would be, if he could be fully heard, or his offer of the amount should be satisfactory to the other side. The statute was intended to be broad enough to embrace all actions where an offer could be made; and it was necessary therefore, to carry out the designs of its authors, that all further defence to an action, and also all questions of damages should be determined by the offer, if it should be accepted. Hence the propriety, that the sum, for which judgment might be entered, should be specified. When the offer to be defaulted, and the sum in damages named is accepted, the plaintiff is immediately as much entitled to judgment, as he would be if the offer were in the identical language of the statute.

The offer in writing of the defendant in this case " to be defaulted for the sum of seventy dollars damages in said action," is equivalent to an offer to be defaulted, and that judgment may be entered against him for that sum; and

comes within the description of an offer, which cannot be used as evidence before the jury in the trial of the action, in the statutes of 1847, c. 31, § 2.

*Exceptions overruled.*